UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
                                                        :
ALEX PARKINSON,                                         :
                                                        :
                                    Plaintiff,          :
                                                        :          21 Civ. 4113 (JPC)
                 -v-                                    :
                                                        :          OPINION AND
                                                        :          ORDER
THE CITY OF NEW YORK, NYPD LIEUTENANT                   :
KEVIN MULHERN, TAX # 948390, and JOHN DOES             :
1-4,                                                    :
                                                        :
                                    Defendants.          :
                                                        :
------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

        When a plaintiff sues a defendant alleging violations of both state and federal law,

Congress gives the plaintiff a choice: the plaintiff may sue in state or federal court.  When the

plaintiff sues in state court, the defendant also has a choice: the defendant may allow the case to

continue in state court or may remove it to a proper federal district court.  To remove the case, the

defendant must jump through three procedural hoops: (1) file the notice of removal in federal court,

(2) give written notice to adverse parties, and (3) file a copy of the notice of removal with the state

court.  Like many things in the law, these procedural requirements also have timing requirements.

And that is what this opinion is about.

        After Alex Parkinson sued Defendants in New York state court for allegedly using

excessive force during a false arrest in violation of 42 U.S.C. § 1983 and New York state law,

Defendants filed a notice of removal here in federal court.  Parkinson seeks remand to state court

because Defendants waited two weeks to file a copy of the notice of removal with state court and

apparently mailed a copy of the notice removal to the wrong address, which delayed when

Parkinson received it.  These arguments are unavailing.  Defendants promptly filed a copy of the notice of removal in state court and promptly gave notice of removal to Parkinson.  The Court therefore denies Parkinson's motion to remand.

## I. Background

On March 31, 2021, Parkinson sued The City of New York, Lieutenant Kevin Mulhern, and John Does 1-4 in New York state court.  The Complaint accuses Lieutenant Mulhern and John Does 1-4 of using excessive force when they allegedly falsely arrested him.  Dkt. 1 ("Notice of Removal"), Exh. A ("Complaint") ¶¶ 10-18.  The Complaint pleads federal claims under 42 U.S.C. § 1983 and state law claims under New York law.  *Id.* ¶¶ 29-62.  A week later, on April 8, Parkinson served the Complaint and Summons on Lieutenant Mulhern and New York City.  Notice of Removal, Exh. B; Dkt. 6 ("Massimi Declaration") ¶¶ 5-6.  Twenty-nine days later, on May 7, Defendants filed a Notice of Removal with this Court.  *See* Notice of Removal.

On May 17, 2021, during an email exchange with the City's lawyers, Parkinson's lawyer learned of the filing of the Notice of Removal.  Massimi Declaration ¶¶ 12-16; Dkt. 5 ("Motion to Remand") at 3.  It appears that Parkinson's attorney did not previously receive a copy of the Notice of Removal because, on May 7, the date Defendants filed the Notice of Removal, Defendants inadvertently sent a copy of the notice to the wrong address.  Rather than mailing the notice to Parkinson's counsel's correct office suite, Suite 1264, Defendants appear to have mailed it to Suite 1263.  Notice of Removal at 3; Dkt. 10 ("Opposition") at 2; Dkt. 11 ("Reply Memorandum") at 1.  On May 17, 2021, the same day that Parkinson's counsel learned of the removal during her email exchange with the City's lawyers, Parkinson moved to remand to state court.  Dkt. 4.  A day later, Defendants filed a copy of the Notice of Removal with the state court.  Dkt. 9 ("McKinney

Declaration") ¶ 2; Opposition at 6.  Parkinson's counsel received a mailed copy of the original

notice of removal on June 3, 2021.  Dkt. 13.

## II.  Subject Matter Jurisdiction

To remove a case from state court, the "party seeking removal bears the burden of showing

that federal jurisdiction is proper."  *Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321,

327 (2d Cir. 2011).  Under 28 U.S.C. § 1441(a), "[a] civil claim filed in state court can only be

removed to federal court if the district court would have had original jurisdiction to hear the claim."

*Montefiore Med. Ctr.*, 642 F.3d at 327.  Among the claims that federal district courts have original

jurisdiction over are those "arising under" federal law, known as federal-question jurisdiction.  28

U.S.C. § 1331.  Congress also gave federal courts supplemental jurisdiction over claims that "stem

from the same common nucleus of operative fact" as a claim that conferred subject matter

jurisdiction on the Court.  *Montefiore Med. Ctr.*, 642 F.3d at 332 (quotations omitted).

In his Complaint, Parkinson brought claims under section 1983, a federal statute.

Complaint ¶¶ 29-57.  These claims thus fall under this Court's federal-question jurisdiction.  And

Parkinson does not dispute that his state law claims arise out of the same facts as his federal

claims—*i.e.*, the alleged incident in which Lieutenant Mulhern and John Does 1-4 used excessive

force and falsely arrested him.  His state law claims therefore form part of the "same case or

controversy," which permits this Court to exercise supplemental jurisdiction over these claims as

well.  28 U.S.C. § 1367(a).

## III.  Discussion

Parkinson contends that the Court should remand this case to state court because in his

view Defendants did not comply with 28 U.S.C. § 1446's procedural requirements.  Under that

statute, a defendant must leap through three procedural steps to remove a case: "file the notice of

removal in federal court, give [written] notice to adverse parties, and file a copy of the notice of

removal with the state court."  *Hoechstetter v. Columbia Univ.*, No. 19 Civ. 2978 (ALC), 2020

WL 905738, at *2 (S.D.N.Y. Feb. 25, 2020); *accord Kenmore Assocs., L.P. v. Burke*, 367 F. App'x

168, 169 (2d Cir. 2010); 14C Charles A. Wright, *et al.*, Federal Practice and Procedure § 3736 (4th

ed. 2021) [hereinafter "Wright & Miller"].

Each of these requirements also has a timing component.  A defendant has only thirty days

after receiving "the initial pleading or summons, 'whichever period is shorter,'" to file the notice

of removal in federal court and have the other defendants all consent to removal.  *Taylor v.

Medtronic, Inc.*, ---- F.4th ----, 2021 WL 4468984, at *2 (2d Cir. Sept. 30, 2021) (quoting 28

U.S.C. § 1446(b)(1)).[1]  The latter two procedural steps, in contrast, have less stringent timing

requirements.  For those two steps, the defendant must only "give written notice . . . to all adverse

parties and . . . file a copy of the notice with the . . . State court" "[p]romptly after the filing of

[the] notice of removal."  28 U.S.C. § 1446(d).  Thus, these latter two procedural requirements for

removal "need not be completed before expiration of the [thirty-day] time for removal," although

they must occur promptly after the removal.  Wright & Miller § 3735; *see also Almonte v. Target

Corp.*, 462 F. Supp. 3d 360, 366 (S.D.N.Y. 2020).

Parkinson does not contest that Defendants met the thirty-day deadline to file the Notice of

Removal.  *See generally* Motion to Remand; Reply Memorandum.  Nor should he.  The named

---

[1] While not relevant here, the statute also provides that "if the case stated by the initial
proceeding is not removable, a notice of removal may be filed within 30 days after receipt by the
defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may
be first ascertained that the case is one which is or has become removable."  28 U.S.C.
§ 1446(b)(3).  Because the Complaint clearly pleads section 1983 as the basis for several causes
of action, the removability of this case was evident on the Complaint's face.  Thus, the thirty-day
clock for removal began to run after Defendants received that pleading.

Defendants all consented to removal and filed their notice of removal 29 days after Parkinson served them with the Complaint. *See* Notice of Removal at 1.

Defendants also met the latter two procedural steps. For these two requirements, "[s]ection 1446(d) does not define what 'promptly' means." *Almonte*, 462 F. Supp. 3d at 366. It is instead "a flexible, fact-specific standard" in which "[w]hat constitutes delay depends upon the circumstances of the individual case." *Id.* (quotations omitted). Courts have thus "held that delays of more than a month in either filing the notice of removal with the state court or providing plaintiffs with written notice do not necessarily require remand." *Ynoa v. Kutner*, No. 10 Civ. 5398 (NRB), 2011 WL 1796320, at *2 (S.D.N.Y. May 5, 2011). Factors to consider besides the length of the delay include "whether prejudice resulted from the delay and whether the state court took any action during the delay." *Almonente*, 462 F. Supp. 3d at 366. Part of the rationale for considering these factors is that "courts never should permit defendants to delay removal as a 'hedge' to see whether there is likely to be a favorable result in state court." Wright & Miller § 3735.

Under the circumstances here, Defendants did not unduly delay in either filing a copy of the notice with the state court or giving Parkinson notice. Defendants filed a copy of the Notice of Removal in state court on May 18, 2021—ten days after filing the notice in federal court. This Court treats that ten-day delay as prompt. *See, e.g.*, *Almonte*, 462 F. Supp. 3d at 366 (considering a 34-day delay as prompt); *Ynoa*, 2011 WL 1796320, at *3 (considering as prompt both an eleven day and month-and-a-half delay); *Calderon v. Pathmark Stores, Inc.*, 101 F. Supp. 2d 246, 248 (S.D.N.Y. 2000) (not remanding for "relatively short" delay of just over a month); *Delgado v. Bank of America Corp.*, No. 09 Civ. 1638, 2009 WL 4163525 (E.D. Cal. Nov. 23, 2009) (fifty-six-day delay did not warrant remand). That is especially true when, as here, the state court took no

action between Defendants' filing of the Notice of Removal and the state court's receipt of it.  *See Almonte*, 462 F. Supp. 3d at 366; *Ynoa*, 2011 WL 1796320, at *3; *Calderon*, 101 F. Supp. 2d at 248.  Thus, Defendants promptly filed the notice of removal with the state court.

Defendants also provided prompt written notice to Parkinson of the removal.  Under 28 U.S.C. § 1446(d), the removing party must give "written notice" to the adverse parties of the removal.  But under the statute, this written notice need not be "'an actual copy of the notice of removal.'"  *Gomes v. ANGOP, Angola Press Agency*, No. 11 Civ. 580 (DLI), 2012 WL 3637453, at *5 (E.D.N.Y. Aug. 22, 2012), *aff'd*, 541 F. App'x 141 (2d Cir. 2013) (quoting *Park v. McGowan*, No. 11 Civ. 3454 (CLP), 2011 WL 4963759, at *4 n.3 (E.D.N.Y. Oct. 19, 2011)).  Courts have also recognized "'that a good faith effort to provide written notice to the plaintiff satisfies the requirement absent any prejudice to the plaintiff.'"  *Ynoa*, 2011 WL 1796320, at *3 (quoting *Busby v. Cap. One, N.A.*, 759 F. Supp. 2d 81, 85 (D.D.C. 2011)); *see also Calderon*, 101 F. Supp. 2d at 247-48; *McCall v. Greyhound Lines, Inc.*, No. 98 Civ. 7586 (CSH), 1998 WL 865626, at *2 (S.D.N.Y. Dec. 11, 1998).

Defendants met these standards for notice.  It appears that they tried to mail Parkinson a copy of the Notice of Removal the same day they filed that notice here but sent it to the wrong address for his attorney.  And at a minimum, Parkinson received notice that Defendants had removed the case just ten days later: in an email exchange, the City's lawyers made clear that this case had been removed to federal court.  *See* Motion to Remand at 3.  Even if that email exchange did not count as "written notice," the City's email correspondence put Parkinson on sufficient constructive notice—indeed, he moved to remand that *same* day.  *See* Dkt. 4.  Plus, on June 3, 2021—less than thirty days after Defendants filed the Notice of Removal—Parkinson received a

copy of the notice.  Dkt. 13.  Defendants therefore at a minimum made a good-faith effort to provide prompt written notice to Parkinson.

The Court also is not persuaded by Parkinson's contention that he suffered prejudice from Defendants' scrivener error of initially mailing a copy of the Notice of Removal to the wrong suite number for his attorney.  Parkinson first argues that the error forced him "to file [his] moving papers quickly in advance of other personal and professional commitments."  Reply Memorandum at 3 n.5.  He also complains that the mistake caused his lawyer "to spend time following up with [Defendants' counsel and] . . . 12 hours unraveling this issue" that was "unexpected[] . . . time away from other personal and professional commitments."  *Id.* at 6.  While the Court recognizes Parkinson's frustrations caused by Defendants' mistake, this is not the type of prejudice that section 1446(d) covers.  Indeed, Parkinson easily met the thirty-day deadline to move to remand.  And neither party took "any further action in the State court subsequent to the filing of the notice of removal with this Court."  *McCall*, 1998 WL 865626, at *2.

In sum, under these facts, Defendants promptly filed the Notice of Removal in state court and provided prompt written notice to Parkinson.  A remand thus is not warranted.

## IV.  Conclusion

Defendants properly removed this case over which this Court has subject matter jurisdiction.  In doing so, Defendants complied with the three procedural hurdles for removal.  The Court therefore denies Parkinson's motion to remand.  The Clerk of the Court is respectfully directed to terminate the motions pending at Docket Number 4.

SO ORDERED.

Dated: October 18, 2021
       New York, New York

_____
JOHN P. CRONAN
United States District Judge