UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
ALEX PARKINSON,                                                                  Docket No.: 21 CV 4113 (JPC)

                                      Plaintiff,                     **AMENDED COMPLAINT**

         -against-

THE CITY OF NEW YORK,                                                            JURY TRIAL DEMANDED
NYPD LIEUTENANT KEVIN MULHERN, TAX 948390,
NYPD OFFICER ROBERT PRICE, TAX 948117,
AND JOHN DOES 1-3,

                                      Defendants.
-------------------------------------------------------------------------------X

Plaintiff, ALEX PARKINSON, by his attorney, JESSICA MASSIMI, hereby complains of the Defendants, upon information and belief, as follows:

## PARTIES

1. At the time of the civil rights violations described herein, Plaintiff, ALEX PARKINSON, was a 17-year-old living in Queens, New York. PARKINSON is currently an adult.

2. At all relevant times mentioned herein, Defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

3. At all times hereinafter mentioned, Defendant, NYPD LIEUTENANT KEVIN MULHERN, TAX 948390, was an adult male employed by the City of New York as a member of the NYPD assigned to the Strategic Response Group 3. Defendant MULHERN is currently assigned to the 102 Precinct. Defendant NYPD LIEUTENANT KEVIN MULHERN is sued herein in his official and individual capacities.

4. At all times hereinafter mentioned, Defendant, NYPD OFFICER ROBERT PRICE, TAX 948117, was an adult male employed by the City of New York as a member of the NYPD assigned to the Strategic Response Group 3. Defendant PRICE is currently assigned to the Strategic Response Group. Defendant NYPD OFFICER PRICE is sued herein in his official and individual capacities.

5. At all times hereinafter mentioned, Defendants, JOHN DOES 1-3, were adult males employed by the City of New York as members of the NYPD assigned to Strategic Response Group 3 whose names are currently unknown to the Plaintiff. Defendant JOHN DOES 1-3 are sued herein in their official and individual capacities.

6. Defendants Mulhern, Price and the Doe Defendants are collectively referred to as the "Individual Defendants."

7. The Plaintiff timely served a Notice of Claim on the municipal Defendant and complied with all conditions precedent to commencing an action under state law.

8. At least thirty days have elapsed since service of Plaintiff's Notice of Claim and adjustment and payment thereof has been neglected or refused.

9. That the within action has been initiated within one year and ninety days of the accrual of Plaintiff's claims pursuant to New York State Law.

**RELEVANT FACTS**

10. On June 1, 2020 at about 2:42 p.m. Plaintiff was lawfully present in front of or near 254 Canal Street in the County, City, and State of New York.

11. At this time, Defendants Mulhern, Price and John Does 1-3 arrived on duty, in uniform, and on NYPD bicycles.

12. Defendants Mulhern and Price struck Plaintiff with their bicycles, tackled Plaintiff to the concrete and struck Plaintiff on his body with their hands and fists causing Plaintiff to sustain several severe and personal injuries including but not limited to a broken ankle, and placed Plaintiff in excessively tight handcuffs without any probable cause or justification.

13. Plaintiff was not engaged in any suspicious, illegal, or violent activity.

14. Plaintiff was not involved in any activity which would have justified his arrest and there in fact existed no probable cause to justify Plaintiff's arrest.

15. Plaintiff was not engaged in any activity which would have justified the use of force against him.

16. Despite the lack of probable to arrest the Plaintiff, Defendants transported Plaintiff to a City of New York detention facility for adults where he was forced to wait outside for several hours.

17. At this location, Defendants forced Plaintiff to stand on his broken ankle for several hours.

18. During this time, Plaintiff repeatedly informed the Defendants, including Defendant Mulhern, that his ankle was in pain and he needed medical attention.

19. Defendants then transported Plaintiff to a local police precinct, where Plaintiff was held for an additional number of hours before he was transferred to New York County Central Booking, where he was held in custody for an additional period of many hours.

20. Plaintiff was eventually arraigned on a criminal complaint containing false allegations provided by Defendant Mulhern.

21. Sergeant Mulhern swore out a false criminal complaint against Plaintiff containing false allegations which Sergeant Mulhern knew to be false when he made them.

22. Defendant Mulhern forwarded these false allegations to the New York County District Attorney's Office ("NYCDA") and the New York City Law Department despite the false nature of the allegations.

23. Plaintiff was eventually released from custody and forced to return to Court pursuant to the false allegations made by Defendant Mulhern.

24. On or about September 1, 2020, Plaintiff's criminal charges stemming from this arrest were dismissed in his favor on grounds consistent with Plaintiff's innocence when the New York City Law Department declined to file any petition against Plaintiff.

25. At no time did Defendants have a legal basis to stop or arrest Plaintiff, nor was it reasonable for the Defendants to believe that such a basis existed.

26. At no time did Defendants have probable cause to seize, detain or arrest the Plaintiff nor was it reasonable for the Defendants to believe that such cause existed.

27. Any no time was there any justification for the use of force against Plaintiff, much less the level of force applied by the Defendants.

28. At no time did any of the defendants, or any other member of the NYPD, take any steps to intervene in, prevent, or otherwise limit the heretofore conduct engaged in by their fellow officers.

29. That at all times relevant herein, the Defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION
### (Section 1983 False Arrest Claim Against the Individual Defendants)

30. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

31. The Individual Defendants willfully and intentionally seized, searched, detained, and arrested Plaintiff, and caused him to be imprisoned, without probable cause, and without a reasonable basis to believe such cause existed.

32. Plaintiff had not been engaged in any criminal conduct, nor was he engaged in any conduct that could reasonably be viewed as criminal nor a basis to justify his arrest.

33. Despite the absence of sufficient legal cause, Plaintiff was arrested and jailed.

34. By so doing, the Individual Defendants subjected Plaintiff to false arrest and imprisonment, and thereby violated and aided and abetted in the violation of Plaintiff's rights under the Fourth Amendment of the United States Constitution.

35. By reason thereof, the Individual Defendants have violated 42 U.S.C §1983 and caused Plaintiff to suffer the deprivation of his liberty, loss of his constitutional rights, physical injuries, and mental anguish.

## SECOND CAUSE OF ACTION
### (Section 1983 Denial of a Fair Trial Claim Against the Individual Defendants)

36. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

37. The Individual Defendants willfully and intentionally fabricated evidence by falsely memorializing claims to have witnessed Plaintiff engaging in criminal or unlawful activity, and then forwarded these materially false claims to the New York County District Attorney's

Office ("NYCDA") and the New York City Law Department in order to justify the arrest of Plaintiff, and to justify, bring about and cause Plaintiff to be deprived of their liberty and to be criminally prosecuted.

38. By so doing, the Individual Defendants subjected the Plaintiff to denial of a fair trial and violation of his right to due process by fabricating evidence and otherwise providing prosecutors with a materially false and misleading version of events, and thereby violated Plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution.

39. By reason thereof, the Individual Defendants have violated 42 U.S.C. §1983 and caused Plaintiff to suffer the deprivation of his liberty, loss of his constitutional rights, physical injuries, and mental anguish.

### THIRD CAUSE OF ACTION
### (Section 1983 Malicious Prosecution Against the Individual Defendants)

40. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

41. The Individual Defendants willfully and intentionally caused Plaintiff to be subjected to criminal prosecution by falsely memorializing claims to have witnessed Plaintiff engaging in criminal or unlawful activity, and then forwarded these materially false claims to the NYCDA and the New York City Law Department, which resulted in the NYCDA presenting criminal charges against Plaintiff without probable cause for said prosecution.

42. The criminal prosecution caused Plaintiff to suffer a deprivation of liberty before Plaintiff's criminal charges were terminated favorably.

43. By so doing, the Individual Defendants caused Plaintiff to be maliciously prosecuted, and thereby violated Plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution.

44. By reason thereof, the Individual Defendants have violated 42 U.S.C. §1983 and caused Plaintiff to suffer the deprivation of his liberty, loss of his constitutional rights, physical injuries, and mental anguish.

## FOURTH CAUSE OF ACTION
### (Section 1983 Excessive Force Against the Individual Defendants)

45. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

46. As a result of the Defendants' conduct, Plaintiff was subjected to excessive force.

47. By reason thereof, the Individual Defendants violated 42 U.S.C. §1983 and caused Plaintiff to suffer the deprivation of his liberty, loss of his constitutional rights, physical injuries, and mental anguish.

## FIFTH CAUSE OF ACTION
### (Section 1983 *Monell* Claim Against the Municipal Defendant)

48. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

49. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

50. Defendant City of New York had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority,

abuse of arrest powers, fabrication of evidence, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD.

51. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the Plaintiff herein.

52. Defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the Plaintiff's arrest.

53. The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers.

54. The failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

55. The official policies, practices and customs of the City of New York and the NYPD alleged herein violated Plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the Constitution of the United States.

56. All of the acts and omissions by the Individual Defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures, and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

57. Therefore the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of the Plaintiff's rights in particular.

58. By reason thereof, the municipal defendant has violated 42 U.S.C. §1983 and caused Plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## SIXTH CAUSE OF ACTION
### (Civil Rights Violations Pursuant to New York State Law)

59. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

60. Plaintiff was subjected to false arrest, excessive force, malicious prosecution, denial of due process and fair trial, through the defendants' use of fabricated evidence and the making of false statements.

61. At no time did Defendants have any legal basis for arresting Plaintiff, subjecting him to prosecution, or commencing criminal process against them, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

62. The Defendants are therefore liable under New York law to Plaintiff for false arrest, malicious prosecution, denial of due process and fair trial, and excessive force.

63. By reason thereof, Defendants have caused Plaintiff to suffer emotional and physical injuries, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the Plaintiff demands judgment against the Individual Defendants and the City of New York as follows:

i. actual and punitive damages against the Individual Defendants in an amount to be determined at trial;

ii. actual damages in an amount to be determined at trial against the City of New York;

iii. statutory attorney's fees pursuant to, inter alia, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

iv. such other relief as the Court deems just and proper.

Dated: New York, New York
January 3, 2022

                JESSICA MASSIMI

By:   *Jessica Massimi*
       99 Wall Street, Suite 1264
       New York, NY  10005
       646-241-9800
       Jessica.Massimi@gmail.com

11